IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN MOSQUEDA | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:10CV235 LG-JMR |
| | § | |
| SMITH & WESSON CORP., | § | |
| WALTHER USA, LLC, AND | § | DEFENDANTS |
| JOHN DOES 1-10 | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [12] filed by Defendants Smith & Wesson Corporation and Walther USA, LLC. The Plaintiff has filed his response and the Defendants have replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Defendants have shown there is no question of material fact for the jury. Because the applicable Mississippi statute of limitations bars Plaintiff's action, the Defendants' Motion will be granted.

DISCUSSION

Mosqueda filed this suit in the Circuit Court of Harrison County, Mississippi alleging negligent design, manufacture and sale of, and failure to warn or recall, a handgun manufactured by the Defendants. Defendants subsequently removed the case to this Court. Mosqueda alleges that he was using the firearm in a normal and customary manner at a gun club on January 6, 2007, when it unexpectedly discharged without pulling the trigger. He alleges the bullet went into his femoral artery, "resulting in excruciating pain and near death." Compl. 7 (¶25). He required multiple

surgical procedures and extensive physical therapy.  He seeks compensatory and punitive damages.

The Defendants contend that the Plaintiff's claims are barred by Mississippi's three year "catch-all" statute of limitations set out in MISS. CODE § 15-1-49.  According to Defendants, Mosqueda's injury occurred more than three years before he filed suit in March 2010.  Mosqueda argues that the discovery provision of § 15-1-49 tolled the limitations period until February 1, 2010, when he first learned, via internet research, that his handgun had been recalled by the Defendants.  He does not indicate the reason for the recall.[1]

The discovery provision provides that "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."  MISS. CODE § 15-1-49(2).  "In its most simplistic form, if aggrieved persons *do not know of their injury* the statute of limitation does not begin running until they 'can reasonably be held to have knowledge of the injury or disease.'"  *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005)(emphasis added)(quoting *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 709 (Miss. 1990)).

> A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . or when it is

---

[1] He states in his affidavit that the recall notice is attached, but there is no attachment to the affidavit.  *See* ECF No. 15-1.  Even if the reason for the recall was to correct a condition causing misfiring incidents like Mosqueda's, the recall had no effect on Mosqueda knowledge of his injury and the cause.

> unrealistic to expect a layman to perceive the injury at the time of the wrongful act.

*PPG Architectural Finishes*, 909 So. 2d at 50. "Without a latent injury, the discovery rule cannot apply." *Peavey Elec. Corp. v. Baan U.S.A., Inc.*, 10 So. 3d 945, 951 (Miss. Ct. App. 2009). "[T]he cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease." *Owens-Illinois*, 573 So. 2d at 709.

The issue of whether a claim is barred by the statute of limitations may be a question of fact for the jury. However, the Mississippi Supreme Court has held that "as with other putative fact questions, the [statute of limitations] question may be taken away from the jury if reasonable minds could not differ as to the conclusion." *Smith v. Sanders*, 485 So. 2d 1051, 1053 (Miss. 1986). In the Court's opinion, reasonable minds could not differ. Mosqueda had knowledge of his injury when the gunshot incident occurred on January 6, 2007. Under Mississippi law, his subsequent discovery of the recall notice in 2010 is unavailing. *Angle v. Koppers, Inc.,* 42 So. 3d 1(Miss. 2010)(holding that cause of action accrued upon discovery of injury, not discovery of injury and its cause.); *Joiner v. Phillips*, 953 So. 2d 1123, 1126 (Miss. Ct. App. 2006) (cause of action accrued immediately upon the date of a traumatic injury); *see also Barnes ex rel. Estate of Barnes v. Koppers, Inc.,* 534F.3d 357 (5th Cir. 2008). While this may appear to be a harsh result, the Court must enforce Mississippi law as

written and interpreted by binding precedent.[2]  Accordingly, Mosqueda's claims are barred by the applicable Mississippi statute of limitations and should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [12] filed by Defendants Smith & Wesson Corporation and Walther USA, LLC, is **GRANTED**.  Plaintiff's claims are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] "Statutes of limitation often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable. We should give them effect in accordance with what we can ascertain the legislative intent to have been." *United States v. Kubrick,* 444 U.S. 111, 125, 100 S.Ct. 352, 361, 62 L.Ed.2d 259 (1979).